UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JULIO CAMACHO,                      :
                                    :
        Petitioner,                 :   Civ. No. 15-6959 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN MARK A. KIRBY,               :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Julio Camacho, #67893054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner, pro se

HILLMAN, District Judge

    On September 17, 2015, Petitioner Julio Camacho, an inmate confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking injunctive relief.  He has paid the $5 filing fee.  The Court will now conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  For the reasons expressed below, the Petition will be dismissed for lack of jurisdiction.

I.  ALLEGATIONS OF THE PETITION

Petitioner alleges that he suffers from diabetes. Petitioner states that when he was a pretrial detainee, he sustained an injury to his foot which went untreated. Ultimately, Petitioner contends that the untreated injury became infected and required partial amputation of his foot. After the amputation, Petitioner states that he plead guilty — to an unspecified crime — and was sentenced to a term of imprisonment, which he is presently serving at FCI Fairton.

Petitioner alleges that he is currently being mistreated at FCI Fairton and that prison staff are exhibiting deliberate indifference to his medical needs. Specifically, Petitioner alleges that his medication has "been routinely altered without evaluation." (Pet. 2, ECF No. 1). Petitioner states that "Health Services staff have frequently engaged in practices which substantially jeopardizing [sic] petitioner's safety and well being." (Id.). Petitioner contends that he has repeatedly reached out to prison staff regarding "appropriate housing, care and/or transfer to an appropriate medical facility[,]" but he has not been successful in obtaining the relief he seeks. (Id.).

Recently, on September 1, 2015, Petitioner states that he suffered from some sort of "diabetic-related crisis" wherein he went to sleep in his assigned cell and lost consciousness. (Id.). He woke on September 2, 2015 in a community hospital

with severe bruises on his body – specifically, on his head, shoulders, legs and ankles. Petitioner believes that he was assaulted by prison staff while he was unconscious and in medical distress. (Id.). Petitioner further asserts that absent court intervention, "there is a substantial likelihood that the unconstitutional detention will result in the death of the petitioner, or future serious bodily injury, in violation of the Eighth Amendment of the United States Constitution." (Id.).

Petitioner seeks relief in the form of his immediate release from FCI Fairton, or a transfer to an appropriate federal medical center. (Pet. 3, ECF No. 1).

## II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas

3

corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently); see also George v. Longley,

463 F. App'x 136 (3d Cir. 2012) (citing Coady, 251 F.3d 480, and Barden, 921 F.2d 476).

The Court of Appeals has noted that "the precise meaning of 'execution of the sentence' is hazy." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005).  However, to the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas"-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also Bonadonna v. United States, 446 F. App'x 407, 409 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

A. Analysis

In this case, Petitioner's claims regarding medical care are not properly asserted in this § 2241 action, as they would not alter his sentence or undo his conviction.  Accordingly, the

5

Petition must be dismissed for lack of jurisdiction. See Bonadonna, 446 F. App'x at 409.

Petitioner is free to raise his claims in a civil complaint filed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or an action pursuant to the Federal Tort Claims Act ("FTCA"). The Court does not express any opinion as to the legal viability of such claims. Should Petitioner proceed with a civil complaint, Petitioner is on notice that he must first exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); see also Bonadonna, 446 F. App'x at 409.

Furthermore, Petitioner is on notice that the entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. Petitioner may file an application to proceed in forma pauperis and, if granted in forma pauperis status, he will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.[1] See 28 U.S.C. § 1915.

---

[1] Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month

B. <u>No Medical Emergency</u>

The Court does not doubt the seriousness of Petitioner's medical condition and the Court finds allegations raised in the Petition to be troubling.  Nevertheless, nothing in the Petition leads the Court to believe that Petitioner is in imminent medical danger or that his condition has worsened since the filing of his Petition.  To the contrary, Petitioner concedes that he was admitted to a community hospital after his "diabetic-related crisis"; therefore it appears that he is receiving, or received, medical treatment.  Accordingly, there is nothing before the Court to suggest an emergent situation.  As set forth above, however, Petitioner may re-raise or elaborate upon the allegations contained in this Petition in a properly filed civil complaint.

---

period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. <u>Id.</u>

If the prisoner is granted <u>in</u> <u>forma</u> <u>pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order will follow.

                                          <u>    s/ Noel L. Hillman  </u>
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: September 25, 2015

At Camden, New Jersey